Judge JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT  SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO.  CR 09-402 RAJ |
| Plaintiff, | ) | |
| v. | ) | DEFENDANT ASHMORE'S |
| | ) | MEMORANDUM RE: |
| MARK ASHMORE, | ) | GUIDELINE LOSS & |
| Defendant | ) | RESTITUTION |

MARK ASHMORE, Mark Ashmore, through counsel, Terrence Kellogg, submits the following memorandum concerning issues of calculation of the loss amount for purposes of guideline application and, as directed by the court, issues concerning the amount of restitution to be imposed at the time of sentencing in this matter.

**Introduction:**

The government cannot establish by a preponderance of the evidence the claimed guideline loss and restitution, for properties other than those set forth in the indictment or testified to at trial, resulted from criminal conduct of the counts

of conviction.  Other real estate transactions are beyond the scope of the conspiracy established at trial, unless the government proves by a preponderance of the evidence the essence of the conspiracy, wire fraud, was involved in each of the other transactions.

As ordered by the court the government has provided Ashmore with additional sentencing documents relative to the determination of the amount of loss and the amount of restitution, and to whom, the government is urging the court to require of Ashmore as part of the sentencing in this matter.  The government has identified 62 separate properties, with one "removed", which constitute the basis for both the government's position concerning restitution and loss amount.  The government's claimed amount of loss attributable to Ashmore for his involvement in the counts of conviction is approximately $10.8 million.

The final probation presentence report [PSR], at ¶ 15, identified 40 properties referred to by the government as constituting loss for guideline calculations that, by footnote reference in the final version of the PSR, became 80 properties.  At a later portion of the PSR, the justification for recommendation, the reference by probation is to a loss involving 80 properties.  Probation, in addressing the defense objections to Ashmore's PSR as to concerns with both loss amount and restitution, deferred to the evidentiary hearing scheduled before the court.  Accordingly, Ashmore in this memorandum will address only those properties identified by the government in its most recent, and final, documents, as reflected in the referenced government spreadsheet and the 62 properties referred to therein.

STIPULATION TO EXTEND
PRETRIAL MPTIONS DUE DATE - 2

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

1

2

3   **Calculation of Loss for Guideline Purposes:**

4           Properties the government contends are to be included within the

5   guideline loss calculation for Ashmore are beyond the scope of relevant conduct

6   for the conspiracy Ashmore was convicted of at trial in that the are properties

7   separated in time (several of the transactions included by the government were

8   purchased four and six years prior to the transactions presented at trial), were

9   remote physically ( the Pahrump, Nevada properties are included by the

10  government for loss although there has not been established any involvement by

11  Ashmore in these transactions), were different in kind (the properties included in

12  loss are some that were held four or six years prior to sale or transfer resulting in

13  the loss calculation), had no actual or intended loss, or, most importantly, did not

14  have as an element of the transaction a wire fraud nexus but merely involved

15  Ashmore or others associated with Ashmore yet not part of the criminal conduct

16  of the counts of conviction.

17          At ¶ 26 of the final PSR probation accepted the government's loss

18  calculation in the amount $13,035,004.87 as loss to 69 properties.  At ¶ 33 of the

19  final PSR, in application of USSG § 2B 1.1, probation added an additional 20

20  levels based upon loss in excess of $7 million.  It is Ashmore's position that actual

21  loss, as reasonably found to have been established by the government at the time

22  of sentencing, is less than $2.5 million for all of the offenses of conviction

23  together with relevant conduct for which Ashmore is responsible under the

24  guideline application.  Under USSG § 2B 1.1 a loss of more than $1 million but

25

26

27

not more than $2.5 million results in an increase of 16 levels in a defendant's offense level.

It is the defense position on behalf of Ashmore that, for guideline loss calculation purposes, the amount of loss for which Ashmore is to be held accountable would be the loss resulting from the three properties referred to as the subject of overt acts of count one of the indictment, the conspiracy count, which are the same three properties which were the subject of the three substantive counts of conviction for wire fraud.  In addition, the defense would agree that the five properties testified to by witnesses for the government at the time of trial should be included within loss calculation as relevant conduct for which Ashmore is to be held responsible in the commission of the conspiracy count of conviction.

It is the defense position that the three properties referred to in the indictment, together with the additional five properties testified to at the time of trial as relevant conduct, result in a total loss **as calculated by the government** in the amount of $2,037,698.

The defense does not agree with the government methodology utilized in determination of the amount of loss.  More importantly, the defense objects to the government's inclusion of properties other than the properties identified in the indictment, as substantive counts and the subject of overt acts, together with the additional five properties constituting relevant conduct as testified to by government witnesses, with appropriate exhibits introduced, at the time of trial.

STIPULATION TO EXTEND
PRETRIAL MPTIONS DUE DATE - 4

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

1

2      Simply stated, there is no causal relationship between Ashmore's counts of

3   conviction conduct and the government's claim for loss for any properties other

4   than the eight identified above.  There is simply no nexus between Ashmore's

5   counts of conviction conduct, including conduct for which he is responsible as

6   jointly undertaking criminal conduct in furtherance of the conspiracy as set forth

7   in the guideline and the losses or restitution claimed by the government.

8      In the absence of establishing false statements to lenders for the

9   underlying purchase of properties there is no basis for including such properties

10  as loss.

11

12  **Restitution:**

13      Of the three properties referred to in the in the indictment the government

14  is seeking restitution as to one of them in the amount of $135,547.  Of the five

15  properties additionally presented at the time of trial as relevant conduct to the

16  conspiracy count the government again seeks restitution as to only one of those

17  properties, in the amount of $114,322.  It is the defense position that the total

18  restitution for which Mark Ashmore should be found responsible is $249,869.

19      In *United States v. Gaytan*, 34 F. 3d 1010 (9th Cir. 2003) the court found "the

20  general rule is that 'restitution in a criminal case may only compensate a victim

21  for actual losses caused by the defendants criminal conduct.'"  *United States v.*

22  *Gamma Tech Indus., Inc.,*  265 F. 3d 917, 926 (9th Cir. 2001) (citing 18 USC § 3664

23  (a) and *United States v. Rodrigues*, 229 F.  3d 842, 845 (9th Cir. 2000)).

24

25

26

27

STIPULATION TO EXTEND                          TERRENCE KELLOGG
PRETRIAL MPTIONS DUE DATE - 5                      P.O. Box 70819
                                             SEATTLE, WASHINGTON 98127
                                                   (206) 781-8181

Restitution is only proper if the losses directly resulted from the defendant's criminal conduct: a victim must be "directly harmed by a defendant's criminal conduct" *Gamma Tech Indus., Inc., supra.*

Pursuant to 18 USC § 3663A (f) (2) the court can order the manner and schedule for the payment of restitution in consideration of a defendant's financial resources, including property, earnings, and income, as well as the defendant's financial obligations.  The court is authorized by statute to provide for nominal periodic payments in light of such considerations.  See 18 USC § 3663A (f) (3) (B). Moreover, as referred to in § 3663A, 18 USC § 3572 (d) (1) provides for the court to order payment of restitution in installments.

In light of Ashmore's financial consideration, particularly given the term of confinement, the court will impose as part of the sentence, the court is urged to require nominal periodic payments of restitution until such time as Ashmore is able to make more substantial contributions towards his restitution obligation.

**Conclusion:**

At the time of hearing as to restitution and loss the court will find the absence of proof by the government of wire fraud in the underlying original purchase obligations of various properties, other than as presented at trial,

/

/

/

TERRENCE KELLOGG
P.O. Box 70819
SEATTLE, WASHINGTON 98127
(206) 781-8181

1

2    prevents including such losses for either guideline purposes or restitution.

3

4    DATED this 24th day of March, 2011.

5

6                                        s/ *Terrence Kellogg*
                                         Terrence Kellogg,
7                                        Attorney for Ashmore
                                         WA. State Bar # 6452
8                                        P.O. Box 70819
                                         Seattle, WA. 98127
9                                        Telephone: (206) 781-8181
                                         E-Mail: terrykellogg@comcast.net
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

2

3                                     CERTIFICATE OF SERVICE

4          Terrence Kellogg does hereby certify that on the 24th of March, 2011 he caused

5   the document set forth above to be served on all counsel of record by filing the same with

6   the Western District of Washington ECF system.

7

8

9                                              s/ *Terrence Kellogg*
                                               Terrence Kellogg,
10                                             Attorney for Ashmore
                                               WA. State Bar # 6452
11                                             P.O. Box 70819
                                               Seattle, WA. 98127
12                                             Telephone: (206) 781-8181
                                               E-Mail: terrykellogg@comcast.net
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

STIPULATION TO EXTEND                                    TERRENCE KELLOGG
PRETRIAL MPTIONS DUE DATE - 8                               P.O. Box 70819
                                                      SEATTLE, WASHINGTON 98127
                                                             (206) 781-8181